**CABOT**
**MANTANONA LLP**
BankPacific Building, 2nd Floor
825 South Marine Drive Corps Drive
Tamuning, Guam 96913
Telephone: (671) 646-2001
Facsimile: (671) 646-0777

**Attorneys for the Guam Election Commission**



FILED
DISTRICT COURT OF GUAM

OCT 3 0 2006

MARY L.M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM
TERRITORY OF GUAM

LINA'LA SIN CASINO and JOSEPH
DUENAS,

                   Petitioners,

          v.

GUAM ELECTION COMMISSION

                   Respondent.

CIVIL CASE NO. 06 - 00035

**NOTICE OF REMOVAL**

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

Please take notice that Respondent Guam Election Commission ("GEC") hereby

removes this action from the Superior Court of Guam to the United States District Court

for the Territory of Guam pursuant to 28 U.S.C. § 1331, 28 U.S.C. §§ 1441(b) and

1442(a)(1), and 48 U.S.C. § 1424-2 . In support of this removal, Respondent respectfully

shows as follows:

       1.     On October 26, 2006, Petitioners filed their Verified Petition for Writ of

Mandamus, Temporary Restraining Order, Preliminary and Permanent Injunction;

Alternative Writ of Mandamus ("Petition"), in the Superior Court of Guam, Civil Action No.

**ORIGINAL**

Case 1:06-cv-00035   Document 1   Filed 10/30/2006   Page 1 of 32

SP 0165-06.

2.　　In essence, Petitioners seek to prevent the voters of Guam from being able to vote on Proposal B, an initiative which is on the November 2006 General Election Ballot. In their first cause of action, Petitioners claim that GEC has violated Petitioners' right of freedom of   speech under the First Amendment to the United States Constitution, and their equal protection rights under the Fourteenth Amendment to the United States Constitution, and the comparable provisions of the Organic Act of Guam, a federal statute. *See* Petition ¶¶ 22-24. Petitioners also allege violations of their right to vote and participate in initiative election guaranteed by the Organic Act of Guam, 48 U.S.C. § 1422(a).  *See* Petition ¶ 60.  On the face of Petitioners' Petition, therefore, Petitioner' claims arise under the Constitution and laws of the United States. Accordingly, this Court has federal question jurisdiction over the Petition pursuant to 28 U.S.C. §§ 1331 and 1441(b).  Finally, this Court has jurisdiction pursuant to  28 U.S.C. § 1442(a)(1) and 48 U.S.C. § 1424-2, as Guam is considered an agency of the United States.  *See Ngiraingas v. Sanchez*, 858 F.2d 1368, 1370-71 (9th Cir. 1988), aff'd,  495 U.S. 182 (1990).

3.　　Additionally, this Court has supplemental jurisdiction over Petitioners' remaining claims, alleging various violations of Guam's Election Code and GEC's rules, pursuant to 28 U.S.C. § 1367.

4.　　This Notice of Removal is timely under 28 U.S.C. § 1446(b) because it is filed within 30 days after the receipt by GEC of a copy of the initial pleadings.

5.    All documents filed in the Superior Court of Guam are attached hereto.

Dated this 30th day of October, 2006.

**CABOT MANTANONA LLP**
Attorneys for Respondent.

By:         CESAR C. CABOT

CCC:me
NOTICEOFREMOVAL

# IN THE SUPERIOR COURT OF GUAM

LINA'LA SIN CASINO and JOSEPH T. )
DUENAS, )
                         )
           Petitioners, )
                         )
    vs. )
                         )
GUAM ELECTION COMMISSION, )
                         )
           Respondents.)
_____)

SPECIAL PROCEEDINGS NO. SP165-06

| NO. | DOCUMENT | DATE |
|-----|----------|------|
| 1. | VERIFIED PETITION FOR WRIT OF MANDAMUS, TEMPORARY RESTRAINING ORDER, PRELIMINARY AND PERMANENT INJUNCTION; ALTERNATIVE WRIT OF MANDAMUS | Filed 10/26/06 |
| 2. | AFFIDAVIT OF JOSEPH T. DUENAS IN SUPPORT OF WRIT OF MANDAMUS, TEMPORARY RESTRAINING ORDER, PRELIMINARY AND PERMANENT INJUNCTION; ALTERNATIVE WRIT OF MANDAMUS | Filed 10/26/06 |
| 3. | AFFIDAVIT IN SUPPORT OF EX PARTE MOTION AND MOTION FOR ORDER SHORTENING TIME FOR HEARING ON PLAINTIFF'S VERIFIED PETITION FOR WRIT OF MANDAMUS, TEMPORARY RESTRAINING ORDER, PRELIMINARY AND PERMANENT INJUNCTION; ALTERNATIVE WRIT OF MANDAMUS | Filed 10/26/06 |
| 4. | MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITIONERS' VERIFIED PETITION FOR WRIT OF MANDAMUS, TEMPORARY RESTRAINING ORDER, PRELIMINARY AND PERMANENT INJUNCTION; ALTERNATIVE WRIT OF MANDAMUS | Filed 10/26/06 |
| 5. | NOTICE OF EX PARTE MOTION AND MOTION FOR ORDER SHORTENING TIME FOR HEARING ON PLAINTIFF'S VERIFIED PETITION FOR WRIT OF MANDAMUS, TEMPORARY RESTRAINING ORDER, PRELIMINARY AND PERMANENT INJUNCTION; ALTERNATIVE WRIT OF MANDAMUS | Filed 10/26/06 |

| 6. | EX PARTE MOTION FOR AN ORDER TO SHORTEN TIME ON THE HEARING OF PETITIONERS' MOTION FOR ORDER TO SHOW CAUSE WHY THE VERIFIED PETITION FOR WRIT OF MANDAMUS SHOULD NOT BE GRANTED. | Filed 10/26/06 |
|---|---|---|
| 7. | SUMMONS | Filed 10/26/06 |
| 8. | ORDER TO SHOW CAUSE | Filed 10/27/06 |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

**JOAQUIN C. ARRIOLA, JR., ESQ.**
**LEEVIN T. CAMACHO, ESQ.**
**ARRIOLA, COWAN & ARRIOLA**
259 MARTYR STREET, SUITE 201
C&A BUILDING, HAGÅTÑA, GUAM
P.O. BOX X, HAGÅTÑA, GUAM 96932
TEL NO.: (671) 477-9730
FACSIMILE NO.: (671) 477-9734

Attorneys for Petitioners

FILED
SUPERIOR COURT
OF GUAM

2006 OCT 27  AM II: 04

ALFRED ... GUAM
CLERK OF COURT
BY: _____

## IN THE SUPERIOR COURT OF GUAM
## TERRITORY OF GUAM

| | |
|---|---|
| LINA'LA SIN CASINO and JOSEPH T. DUENAS,    ) | SPECIAL PROCEEDINGS NO. SP165-06 |
|    ) | |
| Petitioners,    ) | |
|    ) | |
| vs.    ) | **ORDER TO SHOW CAUSE** |
|    ) | |
| GUAM ELECTION COMMISSION,    ) | |
|    ) | |
| Respondent.    ) | |
|    ) | |

This matter came on for hearing on Petitioners' *ex parte* application for issuance of a Writ of Mandamus, Temporary Restraining Order, Preliminary and Permanent Injunction; Alternative Writ of Mandamus, and Motion for an Order to Show Cause. Attorneys Joaquin C. Arriola Jr., and Leevin T. Camacho appeared for Petitioners; Attorneys Cesar Cabot and Ted Christopher appeared for Respondent. The Court having considered the Verified Petition, Memorandum of Points and Authorities and supporting documents, as well as the arguments of counsel and it appearing that an order to show cause should issue, and for good cause shown,

IT IS HEREBY ORDERED that Respondent Guam Election Commission shall appear and show cause before the Court on October 30, 2006, at 2:00 p.m., or as soon thereafter as counsel can be heard, why the Verified Petition for Writ of Mandamus, Temporary Restraining Order,

CABOT MANTANONA, LLP

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

Preliminary and Permanent Injunction; Alternative Writ of Mandamus should not be granted, and for further scheduling in the above matter.

IT IS FURTHER ORDERED that Respondent Guam Election Commission shall file and serve any objections to this Court presiding over the matter, and file and serve an initial response to the Verified Petition and Memorandum of Points and Authorities in support thereof by October 30, 2006 at 2:00 p.m..

**IT IS SO ORDERED** this 26th day of October, 2006.

**Original Signed By:**
**HON. ARTHUR R. BARCINAS**
_____
**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

2

FILED
SUPERIOR COURT
OF GUAM

2006 OCT 26 PM 12: 06

CLERK OF COURT

BY_____

JOAQUIN C. ARRIOLA, JR., ESQ.
LEEVIN T. CAMACHO, ESQ.
ARRIOLA, COWAN & ARRIOLA
259 MARTYR STREET, SUITE 201
C&A BUILDING
HAGÅTÑA, GUAM 96932
Tel No.: (671) 477-9730
Facsimile No.: (671) 477-9734

RECEIVED
OCT 26 2006
GEC

Attorneys for Petitioners

## IN THE SUPERIOR COURT OF GUAM
## TERRITORY OF GUAM

**SP 0165-06**

| | |
|---|---|
| LINA'LA SIN CASINO and JOSEPH DUENAS, | ) SPECIAL PROCEEDINGS NO. SP _____ |
| Petitioners, | ) |
| v. | ) SUMMONS |
| GUAM ELECTION COMMISSION, | ) |
| Respondent, | ) |

**TO THE ABOVE-NAMED DEFENDANT:**

GUAM ELECTION COMMISSION
By and through Gerald A. Taitano
Suite 200, 414 W. Soledad Avenue
Hagatna, Guam 96910

YOU ARE HEREBY SUMMONED AND REQUIRED TO SERVE upon petitioners' attorney
whose address is:

JOAQUIN C. ARRIOLA, JR. ESQ.
ARRIOLA, COWAN & ARRIOLA
SUITE 201, C&A PROFESSIONAL BUILDING
259 MARTYR STREET, HAGÅTÑA, GUAM 96910

*(sidebar, vertical text):* ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

an answer to the Verified Petition which is herewith served upon you, within sixty (60) days after service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Verified Petition.

Dated: _____OCT 2 6 2006_____.

RICHARD MARTINEZ, Clerk of Court
SUPERIOR COURT OF GUAM

Ryan T. Balajadia

By:_____
DEPUTY CLERK

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

JOAQUIN C. ARRIOLA, JR., ESQ.
**ARRIOLA, COWAN & ARRIOLA**
259 MARTYR STREET, SUITE 201
C&A BUILDING, HAGÅTÑA, GUAM
P.O. BOX X, HAGÅTÑA, GUAM 96932
TEL NO.: (671) 477-9730
FACSIMILE NO.: (671) 477-9734

SUPERIOR COURT
OF GUAM

2006 OCT 26 PM 12: 15

CLERK OF COURT

BY

Attorneys for Petitioners

## IN THE SUPERIOR COURT OF GUAM

**SP 0165-06**

| | |
|---|---|
| LINA'LA SIN CASINO and JOSEPH T. DUENAS, | ) SPECIAL PROCEEDINGS NO. _____ |
| | ) |
| | ) |
| Petitioners, | ) ***EX PARTE* MOTION FOR AN ORDER** |
| | ) **TO SHORTEN TIME ON THE HEARING** |
| vs. | ) **OF PETITIONERS' MOTION FOR** |
| | ) **ORDER TO SHOW CAUSE WHY THE** |
| GUAM ELECTION COMMISSION, | ) **VERIFIED PETITION FOR WRIT OF** |
| | ) **MANDAMUS SHOULD NOT BE** |
| Respondent. | ) **GRANTED** |
| | ) |

### *EX PARTE* APPLICATION FOR AN ORDER TO SHORTEN TIME ON THE HEARING OF PETITIONERS' MOTION TO SHOW CAUSE WHY PETITIONERS' VERIFIED PETITION FOR WRIT OF MANDAMUS SHOULD NOT BE GRANTED

Petitioners LINA'LA SIN CASINO and JOSEPH P. DUENAS, by and through their undersigned counsel, Joaquin C. Arriola Jr., Esq., respectfully moves this Court to shorten the time under Local Rule 5 in which to hear Petitioners' Ex Parte Motion for Order to Show Cause Why Petitioner's Petition for Writ of Mandamus, Temporary Restraining Order, Preliminary and Permanent Injunction; Alternative Writ of Mandamus Should not be Granted.

The grounds supporting this *Ex Parte* Application are more fully set forth in the accompanying Verified Petition and Memorandum of Points and Authorities in support of Petition filed together herewith and incorporated herein by reference.

The Ex Parte Motion for an Order to Show Cause and the Verified Petition will be brought pursuant to Local Rule 5, 3 G.C.A. § 7110, 7 G.C.A. § 31202, the memorandum of points and authorities supporting the Petition, the exhibits attached thereto, and all of the pleadings and

CABOT MANTANONA, LLP
Date: 10/26/06

Time:
Initials: VBM

documents on file in this action and any oral or documentary evidence that may be adduced at the hearing of this Petition.

The General Election is scheduled to occur in twelve days, on November 7, 2006. Based on the limited time, Petitioners respectfully request an expeditious handling of this matter.

DATED this 26th day of October, 2006.

ARRIOLA, COWAN & ARRIOLA
Counsel for Petitioners

JOAQUIN C. ARRIOLA, JR.

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

2

JOAQUIN C. ARRIOLA, JR., ESQ.
ARRIOLA, COWAN & ARRIOLA
259 MARTYR STREET, SUITE 201
C&A BUILDING, HAGÅTÑA, GUAM
P.O. BOX X, HAGÅTÑA, GUAM 96932
TEL NO.: (671) 477-9730
FACSIMILE NO.: (671) 477-9734
Attorneys for Petitioners

SUPERIOR COURT
OF GUAM

2006 OCT 26 PM 12: 14

CLERK OF COURT

BY _____

## IN THE SUPERIOR COURT OF GUAM

**SP 0165-06**

LINA'LA SIN CASINO and JOSEPH T.
DUENAS,

              Petitioners,

vs.

GUAM ELECTION COMMISSION,

              Respondent.

          )
          )
          )
          )
          )
          )
          )
          )
          )
          )

SPECIAL PROCEEDINGS NO. _____

NOTICE OF *EX PARTE* MOTION AND
MOTION FOR ORDER SHORTENING
TIME FOR HEARING ON PLAINTIFF'S
VERIFIED PETITION FOR WRIT OF
MANDAMUS, TEMPORARY
RESTRAINING ORDER, PRELIMINARY
AND PERMANENT INJUNCTION;
ALTERNATIVE WRIT OF MANDAMUS

### NOTICE OF *EX PARTE* MOTION

PLEASE TAKE NOTICE that on the 26th day of October, 2006, at the hour of 4:00 p.m., or as soon thereafter as the matter may be heard, before the ex parte Judge, or other assigned Judge, of the Superior Court of Guam, Petitioners will move this Court *ex parte* and by this Notice does hereby move *ex parte* for an order shortening time for hearing on their Verified Petition for Writ of Mandamus, Temporary Restraining Order, Preliminary and Permanent Injunction; Alternative Writ of Mandamus.

This *ex parte* motion is based on the attached Motion for Order Shortening Time, the Memorandum of Points and Authorities in Support of Verified Petition for Writ of Mandamus, Temporary Restraining Order, Preliminary and Permanent Injunction; Alternative Writ of Mandamus, the Verified Petition for Writ of Mandamus, Temporary Restraining Order, Preliminary and Permanent Injunction; Alternative Writ of Mandamus, and all other documents on file herein, all of which are incorporated herein and made a part hereof by this reference.

Dated this 26th day of October, 2006.

CABOT MANTANONA, LLP

Date: 10/26/06
Time: 1:00pm
Initials: ____

ARRIOLA, COWAN & ARRIOLA
Counsel for Petitioners

JOAQUIN C. ARRIOLA, JR.

JOAQUIN C. ARRIOLA, JR., ESQ.
LEEVIN T. CAMACHO, ESQ.
ARRIOLA, COWAN & ARRIOLA
259 MARTYR STREET, SUITE 201
C&A BUILDING
HAGÅTÑA, GUAM 96932
Tel No.: (671) 477-9730
Facsimile No.: (671) 477-9734

Attorneys for Petitioners

## IN THE SUPERIOR COURT OF GUAM
## TERRITORY OF GUAM

**SP 0165-06**

| | |
|---|---|
| LINA'LA SIN CASINO and JOSEPH DUENAS, | ) SPECIAL PROCEEDINGS NO. SP _____ |
| | ) |
| Petitioners, | ) |
| | ) MEMORANDUM OF POINTS AND |
| v. | ) AUTHORITIES IN SUPPORT OF |
| | ) PETITIONERS' VERIFIED PETITION FOR |
| | ) WRIT OF MANDAMUS, TEMPORARY |
| | ) RESTRAINING ORDER, PRELIMINARY |
| GUAM ELECTION COMMISSION, | ) AND PERMANENT INJUNCTION; |
| | ) ALTERNATIVE WRIT OF MANDAMUS |
| Respondent, | ) |
| | ) |

## INTRODUCTION

This is an action for a peremptory writ of mandate to require the Guam Election Commission ("GEC") to remove Proposal B from the November 2006 general election ballot or to refrain from counting votes on Proposal B. GEC failed to follow the statutorily-prescribed mandates of the Guam Election Code and its own rules and regulations governing the initiative process:

- GEC failed to write a true and impartial "ballot title" of Proposal B within ten (10) days of certification, as required by 3 G.C.A. § 17105 and 6 GAR § 2109(a);

CABOT MANTANONA, LLP

Date: 10/26/06
Time: _____
Initials: _____

- GEC failed to publish the ballot title for three (3) consecutive weeks, prior to this election, as required by 3 G.C.A. § 17105 and 6 GAR § 2112;

- GEC failed to provide an impartial analysis for Proposal B in the ballot pamphlet and instead merely copied the initiative's "Findings and Purposes.";

- The Executive Director of GEC inappropriately assumed the duties of GEC legal counsel by preparing the analysis of the proposed initiative measure, in violation of 6 GAR § 2111.

- GEC failed to have GEC legal counsel prepare the analysis of the proposed initiative measure by September 23, 2006, within forty-five (45) days prior to the general election, as required by 6 GAR § 2111.

- GEC failed to verify the signatures obtained in the initiative petitions, as required by 3 G.C.A. § 18101;

- GEC failed to distribute ballot pamphlets for Proposal B within thirty (30) days prior to the election as required by 6 GAR § 2114(a);

- GEC failed to mail one copy of each ballot pamphlet to each judge within the thirty (30) day period as required by 3 G.C.A. § 17511 and 6 GAR § 2114(c).

- GEC improperly inserted the short title of the initiative into the ballot form in language that was in violation of 6 GAR § 2116(b)(1).

GEC does not have authority to ignore the mandatory language of the election statutes or its own rules. GEC substantially interfered with the safeguards of the law to provide voter education and a fair and impartial initiative process. Due to GEC's numerous, persistent, violations of law, Petitioners request a writ of mandamus or a permanent injunction requiring GEC to remove Proposal B altogether from the November 7 ballot or, to leave Proposal B on the

ballot but refrain from counting the votes cast on Proposal B. In the alternative, Petitioners request that the Court mandate GEC to correct errors in the ballot and ballot pamphlet.

## STATEMENT OF FACTS

Petitioner Lina'la Sin Casino ("Life without Casinos") is a non-profit organization. Lina'la opposes all forms of gambling in Guam. Verified Petition ¶ 2. Petitioner Joseph Duenas ("Duenas") is a member of Lina'la. Id. ¶ 3. He is also a resident, registered voter, and taxpayer of Guam. Id.

On July 6, 2006, Jodie Vida submitted to GEC an initiative measure to legalize slot machines at a pari-mutuel gaming facility in Guam. Exhibit 1[1]. On July 10, 2006 GEC Executive Director Gerald Taitano referred the measure to GEC's legal counsel Cesar Cabot. Exhibit 2.

On July 11, 2006 Cabot wrote to Taitano, providing a legal opinion that the measure does not embrace unrelated subjects. Exhibit 3. Cabot wrote a short title and summary for the measure on July 14, 2006. Exhibit 4. Also on July 14, Taitano wrote to Vida, accepting the initiative measure. Exhibit 5.

Sometime in the week of August 4, 2006 the GEC Board of Directors held a special board meeting at which the Board approved Taitano's findings and certified the initiative for placement on the ballot. Exhibit 6.

From July 14 to August 10, 2006, supporters of the measure circulated petitions to obtain signatures for the measure. On August 11, 2006 GEC notified Vida that it had completed review of the petitions and certified the measure for the November 7, 2006 general election ballot. Exhibit 6.

---

[1]      All exhibits referenced in this Memorandum of Points and Authorities correspond to those contained in the Verified Petition for Writ of Mandamus, Temporary Restraining Order, Preliminary and Permanent Injunction; Alternative Writ of Mandamus.

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

Cabot wrote to Taitano on August 21, 2006, stating that the summary he had provided in his July 14 memorandum "should suffice as the ballot title". Exhibit 7. Taitano prepared GEC's analysis for the ballot pamphlet. Exhibits 11, 12. GEC sent copies of Proposal B and the ballot pamphlet to all voters and continued to send these mailings through the week of October 18, 2006. GEC did not send the ballot pamphlets to all judges of the Superior Court of Guam. Exhibit 8.

## ARGUMENT

### I. PETITIONERS HAVE STANDING TO BRING THIS ACTION.

Lina'la has organizational standing to bring this action, as its members would otherwise have standing to sue in their own right; the interest it seeks to protect are germane to the organization; and neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit. Nodak Mutual Insurance Company v. Ward County Farm Bureau, 2004 N.D. 60, 676 N.W.2d 752 (2004). Lina'la is a non-profit organization opposed to gambling in Guam and is opposed to Proposal B.

Duenas has standing to bring this action, as he is a registered voter and taxpayer in Guam. Hartsock v. Leon Guerrero, Special Proceedings Case 246-86 (Decision and Order on Motion for Peremptory Writ of Mandamus dated Nov. 3, 1986 at 3); 5 G.C.A. § 7103. Duenas also has standing under 3 G.C.A. § 7110 (a voter by affidavit may request that Court correct error or omission in ballot).

Lina'la and Duenas have an interest in ensuring that there is a fair and impartial election on Proposal B, consistent with free speech and equal protection guarantees, and free of fatal and material defects in the ballot and ballot pamphlet. 48 U.S.C. § 1422a(a) (the people of Guam have right of initiative under conditions and procedures specified in Guam laws). They have a

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

"personal injury resulting from the violation of a constitutional or statutory right designed to protect that party." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560, 112 S.Ct. 2130 (1992).

## II. A WRIT OF MANDAMUS MUST ISSUE TO REMOVE PROPOSAL B FROM THE BALLOT DUE TO THE NUMEROUS VIOLATIONS OF LAW CONCERNING THE INITIATIVE PROCESS.

7 G.C.A. § 31202 provides that a writ of mandamus may issue to any "inferior" board "to compel the performance of an act which the law specially enjoins, as a duty resulting from an office, trust or station." The statutory requirements in § 31203 include a verified petition and a beneficially interested party. 7 G.C.A. § 31203. Both requirements are met here. The petition is verified and Petitioners are "beneficially interested", as they are aggrieved by the acts of GEC and they would benefit from the relief requested here. See Moylan v. Superior Court of Guam, Supreme Court Case No. WRM04-002 (Order dated May 14, 2004). Mandamus will issue to compel an officer to conduct an election according to the law. Hartsock v. Leon Guerrero, Special Proceedings Case 246-86, (Decision and Order on Motion for Peremptory Writ of Mandamus dated Nov. 3, 1996). Mandamus will lie to prevent presentation of an issue on the ballot in a confusing form. Id.

### A. GEC failed to provide a true and impartial ballot title.

3 G.C.A. § 17105 and 6 GAR § 2109(a) require that within ten (10) days of certification, GEC's legal counsel must provide a true and impartial "ballot title" for Proposal B. Cabot failed to do this. On August 11, 2006 GEC notified Vida that it had completed review of the petitions and certified the measure for the November 7, 2006 general election ballot. Cabot wrote to Taitano on August 21, 2006, stating that the summary he had provided in his July 14 memorandum "should suffice as the ballot title". But the "summary" provided by Cabot is woefully inadequate and does not comply with the requirements for a ballot title.

Under 6 GAR § 2103(a), GEC's legal counsel "shall prepare and provide to the Commission a summary of the chief purposes and points of the measure. The summary shall not exceed one hundred (100) words and shall be a true and impartial summary of the measure." In addition, GEC's legal counsel shall prepare a "Short Title of the measure showing the nature of the measure and the subject to which it relates. The Short Title shall be provided simultaneously with the summary, and shall not exceed twenty (20) words."

By contrast, under 6 GAR § 2109(a), GEC's legal counsel shall prepare for the measure a "ballot title, which may differ from the legislative or any other title of the measure":

> The ballot title shall be a true and impartial statement of the purpose of the measure in such language that the ballot title shall not be an argument or likely to create prejudice either for or against the measure, and shall not be longer than one hundred (100) words.

See 3 G.C.A. § 17105.

GEC's legal counsel failed to comply with his duty to prepare and provide a true ballot title, but merely provided the summary required under § 2103. As the two rules indicate, however, the summary and the ballot title serve very different purposes. Under § 2103, the delivery of the Short Title and summary to the initiative proponent by GEC commences the "official summary date", after which petitions for the initiative measure may be signed. See 6 GAR § 2105(d) and (e). Under § 2109, the ballot title must be published to inform voters of the purpose of the initiative measure. Further, the ballot pamphlet shall contain on the first page, the ballot title prepared under § 2109. 6 GAR § 2112(b)(1). And the ballot title as provided under § 2109 must appear on the ballot itself. Because both the description and the purposes of the "summary" and "ballot title" are so different, the summary cannot suffice as the ballot title.

In addition, the ballot title in both the ballot and the ballot pamphlet is not true or impartial. The ballot for Proposal B provides in part that the initiative will "create a fund to be

administered by the Department of Revenue and Taxation and to be used for health care for Guam residents and for public schools in Guam". This is not true. Proposal B states that from the Slot Machine Gaming Tax, 50% shall be disbursed for health care; 20% for obtaining prescription drugs and medicines; 20% for public schools; and 10% for administrative costs as designated by the Department of Revenue and Taxation. This is a substantive and very important provision contained in § 3002(c) of the initiative, as it determines how the tax is to be disbursed and for what purposes. To state only that it will create a fund for "health care" and "public schools" is untrue, misleading, and partisan. Guam voters would certainly deem it important, when casting their ballots, to know specifically how the Slot Machine Gaming Tax would be spent.

A ballot title must include "an impartial summary of the initiative that will give voters a fair understanding of issues presented and of the scope and significance of proposed changes in the law; they cannot omit material information that would give the voter serious ground for reflection, and must be free from misleading tendencies that would . . . thwart a fair understanding of the issues presented." Parker v. Priest, 326 Ark. 123, 930 S.W.2d 322, 325 (1996) (citations omitted). The omission of a material issue from a ballot title can cause a court to strike an issue from the ballot. Christian Civic Action Comm. v. McCuen, 318 Ark. 241, 257, 884 S.W.2d 605 (1994), citing Walton v. McDonald, 192 Ark. 1155, 97 S.W.2d 81 (1936). A material issue is one that would give a voter "serious ground for reflection" in deciding whether to vote for or against a proposal." Hoban v. Hall, 229 Ark. 416, 418, 316 S.W.2d 185, 186 (1958). GEC's failure to include a description of how the Slot Machine Gaming Tax will be disbursed is a material omission that renders it fatally deficient.

Finally, GEC failed to publish the ballot title for three (3) consecutive weeks "as soon as the ballot title is available", as required 6 GAR § 2109(c) and 3 G.C.A. § 17501. GEC also failed to publish the other requirements of § 2109(c), namely the date of the election, the notice of the right to file voter's arguments for or against the measure, the deadline for filing such arguments, and the length limitation on such arguments. These are required to be published so that the people of Guam will have sufficient information in advance about what initiative will be placed on the ballot, when it will be voted on, and when interested parties may submit arguments in favor of or against the initiative.

GEC violated most of the laws and rules relating to the ballot title. The wording and language of the ballot title is very important. "[T]he majority of voters will read a proposed [initiative] for the first, and only, time when they read it on the ballot." Parker v. Priest, 326 Ark. 386, 931 S.W. 2d 108 (1996). "Thus, it is crucial that the ballot title not be misleading, and that it disclose enough information so that voters can make "an intelligent choice and be fully aware of the consequences of their vote." Id. While the ballot title is not required to summarize every aspect of the initiative, it must give the voter an intelligible idea of the scope and import of the proposed law, and must enable the voter to reach an intelligent and informed decision for or against the proposal and to understand the consequences of his or her vote. Id. In addition, if information is of an essential fact which would give the voter serious grounds for reflection, it must be disclosed. Id. The ballot title must be free from any misleading tendency, whether of amplification, omission, or fallacy. Id.

B.   GEC failed to provide an impartial analysis for Proposal B in the ballot pamphlet.

3 G.C.A. § 17509 requires GEC to print and send to all voters a ballot pamphlet that shall contain, among other things, a ballot title and an "impartial analysis" of the initiative. The ballot

titles in the ballot pamphlet are subject to the same requirements for ballots under § 17105. See 3 G.C.A. § 17509(d) (ballot pamphlet shall contain the "ballot title provided for in this Chapter"). For all of the reasons stated in Part II.A. above, the ballot titles in the ballot pamphlet are false and misleading, and suffer from the same defect as those contained in the ballot.

Taitano inappropriately assumed the duties of GEC legal counsel by preparing the analysis of the proposed initiative measure, in violation of 6 GAR § 2111. See Exhibit __. GEC failed to have its legal counsel prepare the analysis of the proposed initiative measure by September 23, 2006, within forty-five (45) days prior to the general election, as required by 6 GAR § 2111. The "Objective and Independent View of Proposal B" written by Taitano states:

> This is initiative if passed allows for pari-mutuel racing in Guam *which will benefit the residents of Guam by providing needed general revenues for Guam* without requiring Guam to impose additional taxes or fees on its residents.

(Emphasis added)  The above statement tracks much of the same language contained in the initiative's § 1001(d) of "Findings and Purposes." By adopting the partisan language in the initiative, and stating that Proposal B will "benefit" Guam residents by providing "needed" general revenues, the analysis is not neutral.

The analysis also provides:

> The revenues received from this initiative will be set aside only to be used for specific programs, *with at least 90% of such revenues set aside exclusively for programs which benefit health care and public schools.*

(Emphasis added)  This statement simply copies § 1001(g) of the "Findings and Purposes" in the initiative and does not contain an "impartial" analysis of Proposal B.

Finally, the analysis provides:

> *The residents of Guam will benefit* from additional revenue to be used for subsidizing health care costs and expenses, and *to provide assistance to the residents of the Territory* with the costs of obtaining prescription drugs and medicines; and *for the improvement of the educational content, physical*

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

*condition, vocational programs, security, and general well-being of the*
*Territory's public schools.*

(Emphasis added)  The above language is virtually identical to the language contained in the initiative's § 1001(c) of the "Findings and Purposes" and clearly encourages Guam voters to vote in favor of Proposal B.

In sum, GEC did not provide an impartial analysis of Proposal B but merely copied much of the language in the initiative's "Findings and Purposes", all of which is highly partisan.  In Hartsock v. Leon Guerrero, Special Proceedings Case 246-86, (Decision and Order on Motion for Peremptory Writ of Mandamus dated Nov. 3, 1996), the petitioner contended that GEC violated the Guam Election Code by failing to publish and distribute ballot pamphlets discussing and explaining the initiative which had been designated Proposal A.  GEC argued that it had substantially complied with the "spirit of the law" by publishing Proposal A in two newspapers along with all of the information required for ballot pamphlets.  The Court rejected GEC's argument and held that Guam's statutory scheme regarding voter education about initiatives is "couched in mandatory terms" and gives GEC "no options as to how to educate the public about Proposal A." (Decision at 3).   Because only four days remained before the election and GEC could not distribute ballot pamphlets to all voters in time, the Court granted a petition for writ of mandamus and ordered that GEC remove Proposal A from the November 4, 1986 ballot altogether or leave Proposal A on the ballot but not certify the results of the vote on the iniatiive. (Id. at 4).

Petitioners request that a writ of mandamus issue from the Court, requiring GEC to remove Proposal B from the ballot or refrain from counting the votes on Proposal B due to the failure to comply with statutory requirements relating to the ballot pamphlet.   Huntington, 94

Cal.App.4[th] at 1435-36 (granting petition for writ of mandamus and striking certain sentences and words in ballot pamphlet as being misleading).

C.    GEC failed to distribute ballot pamphlets as required by law.

GEC failed to distribute the ballot pamphlets for Proposal B within thirty (30) days of the general election as required by 6 GAR § 2114(a). GEC also failed to mail one copy of each ballot pamphlet to each judge within the thirty (30) day period as required by 3 G.C.A. § 17511 and 6 GAR § 2114(c).

D.    GEC failed to verify signatures on the petitions for Proposal B.

3 G.C.A. § 18101 provides that GEC shall verify all signatures contained in any petition for an initiative, to insure that all signatures on the petition are the signatures of persons registered to vote in Guam. Taitano testified in RCAA v. GEC that it is GEC's practice not to verify the signatures on the petitions, but instead to verify only the names of the registered voters. This practice is directly contrary to section 18101.

3 G.C.A. § 17306(c) provides that petitions verified by the affidavit of any person soliciting signatures shall be "prima facie" evidence that the signatures thereon are genuine and that the persons signing the same are qualified electors. However, section 17306(c) does not relieve GEC of its obligation to verify signatures under section 18101. Reading the two statutes together, it is clear that the Guam Legislature contemplated that if an affidavit was attached to the petition, the signatures would be considered genuine, but that GEC had an independent obligation to verify the signatures as required under section 18101. Because GEC failed to do so for Proposal B petitions, the initiative should be removed from the ballot or GEC should be required to refrain from counting the votes on Proposal B.

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

E.    GEC failed to provide the appropriate ballot question on the ballot.

3 GAR section 2116(b) provides that each proposed measure shall appear on the ballot in the following form: "First shall appear the words "Shall Proposal (insert appropriate letter designation pursuant to 6 GAR section 2109(b) be adopted by the voters of the Territory of Guam?"

GEC provided a lengthy question for Proposal B in both English and Chamorro that fails to comply with section 2116(b). The ballot is therefore deficient.

F.    GEC violated Petitioners' free speech and equal protection rights.

Ballots are constrained by the constitutional guarantees of equal protection and freedom of speech. Huntington Beach City Council v. Superior Court, 94 Cal.App.4th 1417, 115 CalRptr.2d 439 (2002), citing Citizens for Responsible Government v. City of Albany, 56 Cal.App.4th 1199, 1228-29 (1997). The First Amendment to the U.S. Constitution, and the comparable provision of the Organic Act of Guam, preclude GEC "from making facilities available to only favored political viewpoints." Stanson v. Mott, 17 Cal.3d 206, 219, 130 Cal.Rptr. 697 (1976). These guarantees mean that the wording on a ballot cannot favor a particular partisan position. Huntington, 94 Cal.App.4th at 1434.

In Huntington, supra, petitioners filed a pre-election petition for writ of mandate to correct the ballot title and description of a measure aimed at increasing taxes paid by the city power plant. The petitioners alleged that the title and description violated their free speech and equal protection rights. After a lower court issued various orders on the petition, petitioners appealed. The appellate court held that the word "exemption" in the title "Amendment of Utility Tax by Removing Electric Power Plant Exemption" was insufficiently neutral to appear in the title and that, due to the context, it constituted advocacy. Huntington, 94 Cal.App.4th at 1434.

The court also held that the description of the measure, which asked voters whether the "ordinance" that requires the power plant to "pay the same Utility Tax as do residents and businesses of the City of Huntington Beach" should be adopted, was also advocacy and was substantively misleading. Id.

Like the Huntington case, here, the wordings used by GEC in the ballot favor the proponent's position, are not neutral, and constitute impermissible advocacy, GEC has violated Petitioners' rights of equal protection and freedom of speech. See Gould v. Grubb, 14 Cal.3d 661, 670, 122 Cal.Rptr. 377 (1975) (a ballot is subject to constitutional infirmity when it has a "real and appreciable" impact on the equality, fairness, and integrity of the electoral process).

## III. A WRIT OF MANDAMUS MUST BE ISSUED TO REMOVE PROPOSAL B FROM THE BALLOT DUE TO THE VIOLATIONS OF LAW CONCERNING THE BALLOT PAMPHLET.

Ballot pamphlet statements are extremely important, as they "may constitute the only legislative history of an initiative measure adopted." Huntington, 94 Cal.App.4th at 1429, quoting Board of Supervisors v. Lonergan, 27 Cal.3d 855, 866, 167 Cal.Rptr. 820 (1980).

The ballot pamphlet is also defective in that GEC's "impartial analysis" contains the following highly prejudicial argument:

> This is initiative if passed allows for pari-mutuel racing in Guam *which will benefit the residents of Guam by providing needed general revenues for Guam* without requiring Guam to impose additional taxes or fees on its residents.

This is highly prejudicial and does not constitute an "impartial" analysis of the initiative. Instead, this argument projects a very partisan viewpoint, as it appears that GEC supports the initiative proponents's position in favor of Proposal B.

/ / /

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

## IV.   GEC HAS VIOLATED § 1422a OF THE ORGANIC ACT OF GUAM.

48 U.S.C. § 1422a (a) provides: "The people of Guam shall have the right of initiative and referendum, to be exercised under conditions and procedures specified in the laws of Guam." As detailed above, GEC has failed to comply with statutorily-prescribed mandates in the Guam Election Code that require: (1) a true and impartial ballot title in the ballot and ballot pamphlet; and (2) an "impartial analysis" in the ballot pamphlet.  GEC's failure to abide by these mandates violates the intent of 48 U.S.C. § 1422a (a), as GEC has denied voters the opportunity to be educated and properly informed before exercising their right to vote on an initiative.  <u>See</u> <u>Hartsock</u>, (Decision and Order at 4).  (GEC's failure to comply with Guam election laws concerning initiatives violates intent of § 1422a by denying voters and informed opinion on an initiative).

## V.   IN THE ALTERNATIVE, A WRIT OF MANDAMUS SHOULD ISSUE TO REQUIRE GEC TO CORRECT THE BALLOT AND THE BALLOT PAMPHLET.

1.   <u>An alternative writ of mandamus is necessary and appropriate in this case.</u>

In the event that the Court denies Petitioner's primary request for relief to require GEC to remove Proposal B from the ballot or refrain from counting votes on Proposal B, Petitioners request that the Court require GEC to correct the ballot and the ballot pamphlet in time before the general election on November 7, 2006.

2.   <u>Alternatively, injunctive relief should be granted by the Court.</u>

In determining whether preliminary injunctive relief should be granted, the Court must consider three factors:  (1) the likelihood that the moving party will prevail on the merits; (2) whether the balance of irreparable harm favors the plaintiff; and (3) whether the public interest favors the moving party.  <u>Meno v. Guam Election Commission</u>, Civil Case No. CV 1195-96

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

(Decision and Order dated November 6, 1986), quoting <u>Caribbean Marine Services Co. v.</u> <u>Baldridge,</u> 844 F.2d 668, 674 (9th Cir. 1988).

There is a high likelihood that petitioners will prevail on the merits of this case. It is undisputed that GEC failed to comply with the clear and mandatory requirements concerning voter education, the ballot, and the ballot pamphlet. It is also undisputed that GEC's argument in the "impartial analysis" is highly partisan and prejudicial. GEC's acts constitute clear violations of the Guam Election Code, its own rules and regulations, Petitioners' free speech and equal protection rights, and Petitioners' right of initiative under the Organic Act of Guam.

Petitioners will suffer irreparable harm, damage and injury unless GEC's conduct described above is enjoined, as GEC's actions threaten to deprive Petitioners of a fair and impartial election on Proposal B. GEC's ballot title and ballot pamphlet will not give Guam voters an idea of the correct scope and import of the proposed law. Petitioners will also suffer irreparable harm, damage and injury unless GEC's conduct is enjoined, as the use of an argument in favor of Proposal B in GEC's "impartial analysis" renders the analysis tinged with partisan rhetoric.

Petitioners have no adequate remedy at law or otherwise for the harm or damage done by GEC. It is GEC, not the opponent or proponent of an initiative, that has the duty to implement and comply with the statutory provisions regarding ballots and ballot pamphlets. If GEC is unable to correct the errors and omissions in the ballot and the ballot pamphlet, Petitioners and the voters of Guam will be unable to make an intelligent choice or be fully aware of the consequences of their vote on Proposal B.

Finally, the public interest favors the issuance of an injunction in this case. The Guam Election Code provisions concerning initiatives makes it paramount that voter education and

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

clear, impartial titles and descriptions of initiatives are provided by GEC to voters. In addition, if an injunction did not issue, voters would be denied the opportunity to become educated and to form an opinion before exercising their right to vote on Proposal B. In the event that a writ of mandamus is not an appropriate remedy, the Court should issue an injunction enjoining GEC from placing Proposal B on the November 7, 2006 general election ballot, or in the alternative, from counting the votes cast on Proposal B. To permit the initiative to remain on the ballot would contravene this Court's responsibility to uphold the election laws of Guam.

## VI. THE COURT SHOULD ISSUE A DECLARATORY JUDGMENT IN FAVOR OF PETITIONERS.

Based upon all of the foregoing, Petitioners request a declaratory judgment that GEC has violated Petitioners' rights to free speech and equal protection; 3 G.C.A. § 17105; 3 G.C.A. § 17509, and the Organic Act of Guam, 48 U.S.C. § 1422a (a).

### CONCLUSION

For all of the foregoing reasons, Petitioners respectfully request that the Court issue an alternate writ of mandamus or permanent injunction requiring that GEC remove Proposal B from the ballot or refrain from counting the votes cast on Proposal B. Alternatively, Petitioners respectfully request that the Court grant their request for a writ of mandamus to require GEC to correct the errors and omissions in the ballot and ballot pamphlet.

Dated this 26th day of October, 2006.

**ARRIOLA, COWAN & ARRIOLA**
Attorney for Petitioners

By: _____
JOAQUIN C. ARRIOLA, JR.