**JOAQUIN C. ARRIOLA, JR., ESQ.**
**ARRIOLA, COWAN & ARRIOLA**
259 MARTYR STREET, SUITE 201
C&A BUILDING, HAGÅTÑA, GUAM
P.O. BOX X, HAGÅTÑA, GUAM 96932
TEL NO.: (671) 477-9730
FACSIMILE NO.: (671) 477-9734

Counsel for Petitioners

## IN THE SUPERIOR COURT OF GUAM

**SP 0165-06**

| | |
|---|---|
| LINA'LA SIN CASINO and JOSEPH T. DUENAS, | ) SPECIAL PROCEEDINGS NO. _____ |
| | ) |
| Petitioners, | ) **AFFIDAVIT IN SUPPORT OF** |
| | ) ***EX PARTE* MOTION AND MOTION FOR** |
| | ) **ORDER SHORTENING TIME FOR** |
| vs. | ) **HEARING ON PLAINTIFF'S** |
| | ) **VERIFIED PETITION FOR WRIT OF** |
| GUAM ELECTION COMMISSION, | ) **MANDAMUS, TEMPORARY** |
| | ) **RESTRAINING ORDER, PRELIMINARY** |
| Respondent. | ) **AND PERMANENT INJUNCTION;** |
| | ) **ALTERNATIVE WRIT OF MANDAMUS** |

GUAM, U.S.A. )
( ss:
CITY OF HAGÅTÑA. )

I, **JOAQUIN C. ARRIOLA, JR.**, do hereby declare and state as follows:

1.      That I am over the age of eighteen (18) years of age, legally competent to testify, and have personal knowledge of the matters set forth herein, except those matters alleged upon information and belief, which I believe to be true.

2.      I am a member of the bar of this Court and am the attorney for Petitioners in the above-captioned proceeding.

3.      Petitioners have alleged serious defects in the ballot and ballot pamphlet for the upcoming General Election.

CABOT MANTANONA, LLP

Date: ___10/26/06___
Time: ___1:20pm___

4.    The General Election is scheduled to occur in twelve days, on November 7, 2006.

Petitioner respectfully submits that, based on the grounds alleged in their Petition and the requested

relief, cause exists for this Court to shorten the time on which to hear the instant matter.

Your Affiant Sayeth Not.

_____
**JOAQUIN C. ARRIOLA, JR.**

SUBSCRIBED AND SWORN to before me this 26th day of October, 2006.

_____
NOTARY PUBLIC

**CYNTHIA T. TONGSON**
**NOTARY PUBLIC**
In and for Guam U.S.A.
My Commission Expires: August 11, 2008
P.O. Box 2436, Hagatna, Guam 96932

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

2

**JOAQUIN C. ARRIOLA, JR., ESQ.**
**LEEVIN T. CAMACHO, ESQ.**
**ARRIOLA, COWAN & ARRIOLA**
259 MARTYR STREET, SUITE 201
C&A BUILDING
HAGÅTÑA, GUAM 96932
Tel No.: (671) 477-9730
Facsimile No.: (671) 477-9734

Attorneys for Petitioners

SUPERIOR COURT
OF GUAM

2006 OCT 26 PM 12: 12

CLERK OF COURT

BY _____

## IN THE SUPERIOR COURT OF GUAM
## TERRITORY OF GUAM

|  |  |  |
|---|---|---|
| **LINA'LA SIN CASINO and JOSEPH T. DUENAS,** | ) ) ) | **SP 0165-06**  **SPECIAL PROCEEDINGS NO. SP _____** |
|  | ) ) | |
| **Petitioners,** | ) ) ) | **AFFIDAVIT OF JOSEPH T. DUENAS IN SUPPORT OF PETITION FOR WRIT OF** |
| v. | ) ) ) ) | **MANDAMUS, TEMPORARY RESTRAINING ORDER, PRELIMINARY AND PERMANENT INJUNCTION;** |
| **GUAM ELECTION COMMISSION,** | ) ) ) | **ALTERNATIVE WRIT OF MANDAMUS** |
| **Respondent.** | ) ) ) ) | |

| | |
|---|---|
| GUAM | ) |
| | ) ss: |
| CITY OF HAGATNA | ) |

I, **JOSEPH T. DUENAS,** being first duly sworn deposes and says that the following is true and correct:

1.     I am one of the Petitioners in the above-captioned action.  I am a member of LINA'LA SIN CASINO, an educational, non-profit corporation committed to providing education and information concerning issues of current interest and for protection of the family and culture of Guam opposed to the passage of Proposal B.

CABOT MANTANONA, LLP
Date: 10/20/06
Time: 4:20 pm
Initials: KV/BM

2. I make this Affidavit pursuant to 3 G.C.A. section 7110, which provides that when it appears by an affidavit of a voter that an error or omission has occurred in the printing of a ballot, the Superior Court of Guam shall, upon application of the affiant, require the Guam Election Commission ("GEC") to correct the error, or to show cause why the error should not be corrected.

3. The November 7, 2006 ballot issued by GEC that contains Proposal B has several defects. The ballot provides:

### INITIATIVE MEASURE

SHALL PROPOSAL B, AN INITIATIVE TO LEGALIZE SLOT MACHINE GAMBLING AT AN ESTABLISHED PARI-MUTUEL RACING FACILITY IN GUAM AND TO ESTABLISH A SLOT MACHINE GAMING TAX, BE ADOPTED BY THE VOTERS OF GUAM? VOTE "YES" OR "NO".

---

### *I PRINIPONI*

INAPRETAN I PRINIPONI B, MA PRUPOPONI NA U MA LISALISA I SLOT MACHINE GI PARI-MUTUEL NA FASILIDAT YAN U MA ESTABLISHA I KONTRIBUSION I SLOT MACHINE, NA U MA APREBA NU I MANAOTAO GUAHAN NI' MAMBOBOTA? BOTA "YES" PAT "NO".

### PROPOSAL B

A statute to (1) allow licensed slot machine gambling at an established pari-mutuel racing facility in Guam for persons eighteen years old or over; (2) levy a tax of ten percent (10%) on gross slot income to be administered by the Department of Revenue and Taxation; and, (3) create a fund to be administered by the Department of Revenue and Taxation and to be used for health care for Guam residents and for public schools in Guam

/ / /

4. First, the ballot fails to conform with the form required by 6 GAR § 2116. Specifically, instead of saying "SHALL PROPOSAL B BE ADOPTED BY THE VOTERS OF GUAM?" It states "SHALL PROPOSAL B, AN INITIATIVE TO LEGALIZE SLOT MACHINE GAMBLING AT AN ESTABLISHED PARI-MUTUEL RACING FACILITY IN GUAM AND TO ESTABLISH A SLOT MACHINE GAMING TAX, BE ADOPTED BY THE VOTERS OF GUAM? VOTE "YES" OR "NO"."

5. The second defect is that the ballot title fails to state that Proposal B would only legalize slot machines at Guam Greyhound Park. The ballot fails to identify Guam Greyhound Park as the "established pari-mutuel facility", and only such facility, and the only direct beneficiary of Proposal B.

6. The third defect is that the ballot states that the Proposal will "create a fund to be administered by the Department of Revenue and Taxation and to be used for health care for Guam residents and for public schools in Guam." This fails to identify the particular manner in which the fund will be disbursed, including the fact that monies shall be first invested by the Guam Treasurer then disbursed by the Guam Treasurer in the following manner and for the following purposes: 50% to assist the residents of Guam in obtaining health care; 20% to assist Guam residents in obtaining prescription drugs and medicines; 20% to assist Guam public schools and 10% for administrative costs.

7. The ballot in its current form is defective, false, misleading and inaccurate.

/ / /


/ / /

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

8.    I respectfully request that the Court grant the Verified Petition for Writ of Mandamus filed herewith.

Further your affiant sayeth naught.

Dated this 26th day of October, 2006.

_____
**JOSEPH T. DUENAS**

Subscribed and sworn to before me by JOSEPH T. DUENAS this 26th day of October, 2006.

_____
**NOTARY PUBLIC**



**CHRISTINE M. JACKSON**
**NOTARY PUBLIC**
In and for Guam U.S.A.
My Commission Expires: June 10, 2007
P. O. Box 22856 GMF Barrigada, Guam 96921

**JOAQUIN C. ARRIOLA, JR., ESQ.**
**LEEVIN T. CAMACHO, ESQ.**
**ARRIOLA, COWAN & ARRIOLA**
259 MARTYR STREET, SUITE 201
HAGÅTÑA, GUAM
P.O. BOX X, HAGÅTÑA, GUAM 96932
TEL NO.: (671) 477-9730
FACSIMILE NO.: (671) 477-9734

Attorneys for Petitioners

FILED
SUPERIOR COURT
OF GUAM

2006 OCT 26 PM 12: 04

CLERK OF COURT

BY

## IN THE SUPERIOR COURT OF GUAM
## TERRITORY OF GUAM

**SP 0165-06**

| | |
|---|---|
| LINA'LA SIN CASINO and JOSEPH T. DUENAS      ) ) ) | SPECIAL PROCEEDINGS NO. _____ |
| Petitioners,      ) ) | **VERIFIED PETITION FOR WRIT OF MANDAMUS, TEMPORARY** |
| vs.      ) ) ) | **RESTRAINING ORDER, PRELIMINARY AND PERMANENT INJUNCTION;** |
| GUAM ELECTION COMMISSION,      ) ) | **ALTERNATIVE WRIT OF MANDAMUS** |
| Respondent.      ) ) ) | |

Petitioners complain of Respondent as follows:

### JURISDICTION AND PARTIES

1.　　Jurisdiction is vested in this Court pursuant to 7 G.C.A. § 3105, this being an action arising under the laws of Guam. Jurisdiction is also based on 7 G.C.A. § 31202 and 3 G.C.A. § 7110.

2.　　Petitioner LINA'LA SIN CASINO ("LINA'LA") is an educational, non-profit corporation committed to providing education and information concerning issues of current interest and for protection of the family and culture of Guam. LINA'LA has organized a committee, "No on Proposal B" and has registered with the Guam Election Commission ("GEC") as a group of

CABOT MANTANONA, LLP
Date: 10/20/06
Time: 1:00pm
Initials: VBM

voters opposed to Proposal B, an initiative measure currently on the November 2006 general election ballot. LINA'LA and its committee have submitted official arguments in opposition to Proposal B, which were adopted and published by the GEC. LINA'LA and its committee has been recognized by the GEC as a group of voters organized in opposition to Proposal B, pursuant to the Commission Rules and Regulations. Over the past several months, LINA'LA has expended extensive resources, money, time and effort to oppose Proposal B.

3.     Petitioner JOSEPH T. DUENAS ("DUENAS") is a member of LINA'LA. He is also a resident, registered voter, and taxpayer of Guam.

4.     Respondent GEC is an autonomous instrumentality and an independent commission of the government of Guam, charged with administering the election laws of Guam under 3 G.C.A. § 2101, *et seq.*

## FACTUAL BACKGROUND

5.     On July 6, 2006, Jodi Vida aka Jodie Vida, submitted a proposed initiative to GEC on the general election ballot in November, 2006. (Exhibit 1).

6.     On July 10, 2006, GEC Director Gerald Taitano referred the proposed initiative measure to Cesar Cabot, legal counsel for GEC. (Exhibit 2).

7.     On July 11, 2006, Cabot advised the GEC that the proposed initiative did not embrace unrelated subjects. (Exhibit 3).

8.     On July 14, 2006, Cabot prepared a short title and summary of the proposed initiative. (Exhibit 4).

9.     On July 14, 2006, GEC accepted the initiative measure and identified July 14, 2006, as the official summary date. (Exhibit 5).

-2-

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

10. On or about August 4, 2006, GEC Board held a "special meeting" where the Board certified the proposed initiative for placement on the ballot. (Exhibit 6).

11. On August 11, 2006, GEC notified Vida that it had completed the review of the petitions and certified the proposed initiative for the ballot. (Exhibit 6).

12. On August 21, 2006, Cabot wrote to Taitano stating that the initiative summary prepared in July "should suffice as the ballot title." (Exhibit 7).

13. On September 22, 2006, GEC sent copies of the proposed initiative to all members of the Guam legislature, all village mayors, the Office of the Attorney General, all libraries and the Public Auditor. (Exhibit 8).

14. On September 29, 2006, a "Sample Ballot" appeared in the Marianas Variety newspaper. (A true and correct copy of the sample ballot advertisement is attached hereto as Exhibit 9).

15. A true and correct copy of a "Sample Ballot" for Proposal B for the November 7, 2006 General Election is attached as Exhibit 10.

16. On October 7, 2006, GEC prepared a draft ballot pamphlet. (Exhibit 11).

17. The ballot title provides, in part that the proposed initiative will "create a fund to be administered by the Department of Revenue and Taxation and to be used for health care for Guam residents and for public schools on Guam". (Exhibit 11).

18. After October 7, 2006, GEC prepared and printed the ballot pamphlet, including the full text of the proposed initiative. (Exhibit 12).

19. In the ballot pamphlet, GEC included its "impartial analysis" of Proposal B, entitled "Objective and Independent View of Proposal B". (Exhibit 12)

20. The GEC included in its "impartial analysis" the following highly prejudicial statement:

-3-

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

This initiative if passed allows for pari-mutuel racing in Guam *which will benefit the residents of Guam by providing needed general revenues for Guam* without requiring Guam to impose additional taxes or fees on its residents.

The revenues received from this initiative will be set aside only to be used for specific programs, *with at least 90% of such revenues set aside exclusively for programs which benefit health care and public schools.*

*The residents of Guam will benefit* from additional revenue to be used for subsidizing health care costs and expenses, and *to provide assistance to the residents of the Territory* with the costs of obtaining prescription drugs and medicines; and *for the improvement of the educational content, physical condition, vocational programs, security, and general well-being of the Territory's public schools.*

## FIRST CAUSE OF ACTION

## <u>VIOLATION OF FREE SPEECH AND EQUAL PROTECTION RIGHTS</u>

21.    Petitioners reallege and incorporate by reference herein paragraphs 1 through 20 above as though fully set forth herein.

22.    Ballots are constrained by the constitutional guaranties of equal protection and freedom of speech. The First and Fourteenth Amendments to the U.S. Constitution, and the comparable provisions of the Organic Act of Guam, preclude GEC from making facilities available to only favored political viewpoints. The wording on a ballot cannot favor a particular partisan position.

23.    The GEC included in its "impartial analysis" he following highly prejudicial statement:

This initiative if passed allows for pari-mutuel racing in Guam *which will benefit the residents of Guam by providing needed general revenues for Guam* without requiring Guam to impose additional taxes or fees on its residents.

-4-

The revenues received from this initiative will be set aside only to be used for specific programs, *with at least 90% of such revenues set aside exclusively for programs which benefit health care and public schools.*

*The residents of Guam will benefit* from additional revenue to be used for subsidizing health care costs and expenses, and *to provide assistance to the residents of the Territory* with the costs of obtaining prescription drugs and medicines; and *for the improvement of the educational content, physical condition, vocational programs, security, and general well-being of the Territory's public schools.*

24.     Because the wordings used by GEC in the ballot favors the proponents of the Proposal B, GEC has violated Petitioners' rights of equal protection and freedom of speech.

## SECOND CAUSE OF ACTION

### GEC VIOLATED THE RULES AND PROVISIONS OF THE ELECTION CODE GOVERNING THE PREPARATION OF THE BALLOT TITLE

25.     Petitioners reallege and incorporate by reference herein paragraphs 1 through 24 above as though fully set forth herein.

26.     3 G.C.A. § 17105 requires that GEC shall provide a ballot title for each initiative and shall give "a <u>true and impartial statement of the purpose</u> of the measure in such language that the ballot title <u>shall not be an argument or likely to create prejudice either for or against the measure</u>." (Emphasis added).

27.     6 GAR § 2109(a) also contains a similar requirement.

28.     The ballot title is not true and impartial because it fails to identify the only business on Guam that would benefit from the passage of the proposed initiative: Guam Greyhound.

29.     The ballot title also states in part that the proposed initiative would "create a fund to be administered by the Department of Revenue and Taxation and to be used for health care for Guam residents and for public schools on Guam". This does not accurately reflect the way the tax

-5-

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

would be disbursed pursuant to § 3002(c) of the proposed initiative and is likely to create prejudice in favor of the measure.

30.    The ballot title is misleading and likely to create prejudice for the measure.

31.    GEC violated the form of the ballot provided in 6 GAR § 2116 by inserting additional language in the ballot title.

32.    Mandamus will lie to prevent presentation of an issue on the ballot in a confusing form. Petitioners request that a writ of mandamus issue from the Court, requiring GEC to remove Proposal B altogether from the November 7 ballot or, in the alternative, to leave Proposal B on the ballot but refrain from counting or certifying the votes cast on Proposal B.

33.    Alternatively, 3 G.C.A. § 7110 provides that whenever a voter by affidavit establishes that an error or omission has occurred in the printing of the ballot, the Superior Court of Guam, shall require the Commission to correct the error, or to show cause why the error should not be corrected. Petitioners request that a writ of mandamus issue from the Court requiring GEC to correct the above-mentioned errors or to show cause why the error should not be corrected.

### THIRD CAUSE OF ACTION

### GEC VIOLATED THE RULES AND PROVISIONS OF THE ELECTION CODE GOVERNING THE PREPARATION OF A BALLOT PAMPHLET

34.    Petitioners reallege and incorporate by reference the allegations contained in paragraphs 1 through 33 above as if fully set forth herein.

35.    The ballot pamphlets contain the ballot title, which are defective for reasons set forth *supra*.

36.    3 G.C.A. § 17509 requires GEC to print and to send to all voters a ballot pamphlet that shall contain, among other things, a ballot title and an "impartial analysis" of the initiative.

-6-

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

38. Legal counsel failed to prepare an impartial analysis of the proposed initiative as required by 6 GAR § 2111.

39. The analysis prepared by the GEC states:

> This is initiative if passed allows for pari-mutuel racing in Guam *which will benefit the residents of Guam by providing needed general revenues for Guam* without requiring Guam to impose additional taxes or fees on its residents.
>
> The revenues received from this initiative will be set aside only to be used for specific programs, *with at least 90% of such revenues set aside exclusively for programs which benefit health care and public schools.*
>
> *The residents of Guam will benefit* from additional revenue to be used for subsidizing health care costs and expenses, and *to provide assistance to the residents of the Territory* with the costs of obtaining prescription drugs and medicines; and *for the improvement of the educational content, physical condition, vocational programs, security, and general well-being of the Territory's public schools.*

40. This analysis is highly prejudicial and highly partisan.

41. In fact, the GEC's analysis is more partial than the statement made in the proponent's argument in the ballot pamphlet that, "Proposal 'B' providers (sic) new revenues for schools and health care without new taxes."

42. Upon closer examination, it appears that much of GEC's "Objective and Independent View" is based on or identical to the "Findings and Purposes" of the proposed initiative prepared by the proponents of the measure.

43. GEC failed to comply with the form of the ballot pamphlet as prescribed by 6 GAR § 2112.

44. GEC's analysis is argumentative and it failed to comply with the rules and regulations governing preparation of the ballot pamphlet. Mandamus will lie to prevent presentation of an issue on the ballot in a confusing form. Petitioners request that a writ of mandamus issue from

-7-

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

44.  GEC's analysis is argumentative and it failed to comply with the rules and regulations governing preparation of the ballot pamphlet. Mandamus will lie to prevent presentation of an issue on the ballot in a confusing form. Petitioners request that a writ of mandamus issue from the Court, requiring GEC to remove Proposal B from the November 7 ballot or, in the alternative, to leave Proposal B on the ballot but refrain from counting the votes cast on Proposal B.

45.  Alternatively, Petitioners request that a writ of mandamus issue from the Court, requiring GEC to correct the above-mentioned errors in the ballot pamphlet.

## FOURTH CAUSE OF ACTION

## GEC HAS SUBSTANTIALLY INTERFERED WITH THE RIGHT OF THE VOTERS OF GUAM TO BE EDUCATED ON PROPOSED INITIATIVES

46..  Petitioners reallege and incorporate by reference the allegations contained in paragraphs 1 through 44 above as if fully set forth herein.

47.  GEC failed to comply with its obligation under 6 GAR § 2109(a) and 3 G.C.A. § 17105 to prepare a true ballot title for Proposal B. Legal counsel assumed that the summary prepared in July, 2006, pursuant to 6 GAR § 2103(a) would suffice as a ballot title. However, the summary under section 2103 and its requirements are distinct from those which govern the preparation of a ballot title under 7 G.C.A. § 17105 and 6 GAR § 2109(a).

48.  6 GAR § 2109(c) requires that "[a]s soon as the ballot title is available, the Director shall publish the ballot title once a week for three (3) consecutive weeks in a newspaper of general circulation on Guam."

49.  The proposed "ballot title" was available on August 21, 2006.

50.  GEC failed to comply with its obligations under 6 GAR § 2109 and 3 G.C.A. § 17105 to publish the ballot title "as soon as it is available" once a week for three (3) consecutive weeks.

-8-

51. GEC failed to comply with its obligations under 6 GAR § 2109(c) to publish the date of the election that Proposal B would be submitted to voters, notice of the right to file voter's arguments for or against the measure, the deadline for the arguments and the length limitation of the arguments for three (3) consecutive weeks as soon as the ballot title was available.

52. GEC failed to comply with its obligations under 6 GAR § 2111 and 3 G.C.A. § 17509 to prepare an "impartial" summary of the proposed initiative.

53. GEC's Executive Director inappropriately assumed the role of legal counsel in preparing an analysis of the proposed initiative which was included in the ballot pamphlet.

54. GEC failed to comply with its obligation under 6 GAR § 2112(a) to print and make available the ballot pamphlets to registered voters not less than thirty (30) days before the primary election.

55. GEC failed to comply with its obligation under 6 GAR§ 2114 to mail a copy of the ballot pamphlet to each registered voter and each Judge of the Superior Court not less than thirty (30) days before the election.

56. GEC failed to comply with 3 G.C.A. § 18101 by failing to verify signatures contained in the petitions that were collected in support of Proposal B.

57. GEC provided initiative petitions which failed to comply with the requirements of 3 G.C.A. § 17207.

58. Based on the numerous, systematic failure of GEC to comply with its own rules and the election code, Petitioners request that a writ of mandamus issue from the Court, requiring GEC to remove Proposal B altogether from the November 7 ballot or, in the alternative, to leave Proposal B on the ballot but refrain from counting or certifying the votes cast on Proposal B.

///

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

## FIFTH CAUSE OF ACTION

## VIOLATION OF 48 U.S.C. § 1422a(a)

59.     Petitioners reallege and incorporate by reference the allegations contained in paragraphs 1 through 58 above as if fully set forth herein.

60.     48 U.S.C. § 1422a(a) provides: "The people of Guam shall have the right of initiative and referendum, to be exercised under conditions and procedures specified in the laws of Guam." Petitioners' right of initiative, including the right to be fully informed before exercising their right to vote on Proposal B, has been violated by GEC's failure to comply with the mandates of the Guam Election Code and GEC's rules, as alleged in paragraphs 1 through 58, above.

## SIXTH CAUSE OF ACTION

## ALTERNATIVE TEMPORARY RESTRAINING ORDER, PRELIMINARY AND PERMANENT INJUNCTIONS

61.     Petitioners reallege and incorporate by reference the allegations contained in paragraphs 1 through 60 above as if fully set forth herein.

62.     Petitioners will suffer irreparable harm, damage and injury unless GEC's conduct described above is enjoined, as GEC's actions threaten to deprive Petitioners of a fair and impartial election on Proposal B. GEC's failure to identify Guam Greyhound will not inform Guam voters of the only facility that will benefit from the passage of the proposed initiative.

63.     Petitioners will also suffer irreparable harm, damage and injury unless GEC's conduct described above is enjoined, as the use of the statement that, "The initiative if passed allows for slot machine gaming at a pari-mutuel racing facility in Guam which will benefit the residents of Guam by providing needed general revenues for Guam without requiring Guam to impose

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

-10-

additional taxes or fees on its residents" in GEC's "impartial analysis" renders the analysis tinged with highly partisan rhetoric.

64.     Petitioners have no adequate remedy at law or otherwise for the harm or damage done by GEC because if GEC is unable to correct the errors and omissions in the ballot and the ballot pamphlet, Petitioners and the voters of Guam will be unable to make an intelligent choice or be fully aware of the consequences of their vote on Proposal B.

65.     As a result of GEC's acts and omissions, Petitioners are entitled to a temporary restraining order, preliminary injunction, and permanent injunction, enjoining GEC from placing Proposal B on the November 7, 2006 general election ballot, or in the alternative, from counting or certifying the votes cast on Proposal B.

## SEVENTH CAUSE OF ACTION

## DECLARATORY RELIEF

66.     Petitioners reallege and incorporate by reference the allegations contained in paragraphs 1 through 65 above as if fully set forth herein.

67.     An actual, justifiable controversy now exists between Petitioners and GEC over: (A) the wording in the ballot title for Proposal B in the ballot; (B) the wording in the ballot title for Proposal B in the ballot pamphlet; (C) inclusion of a highly prejudicial statement in GEC's "impartial analysis" in the ballot pamphlet; and (D) numerous, substantial violations of the Guam election code and GEC's own rules. The controversy affects not just Petitioners, but all registered voters in Guam who have the right to be fully informed about the scope and effect of Proposal B before exercising their right to vote.

-11-

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

68. Without a declaratory judgment by this Court on the above issues, a fair and impartial election on Proposal B cannot be held on November 7, 2006 and any results of the votes on Proposal B in the absence of a declaratory judgment will not reflect the true will of the electorate.

69. For the foregoing reasons, Petitioners request a declaratory judgment from the Court that GEC has violated Petitioners' rights to free speech and equal protection, 3 G.C.A. § 17105, 3 G.C.A. § 17509, and 48 U.S.C. § 1422a (a).

WHEREFORE, Petitioners pray as follows:

1. A peremptory writ of mandamus requiring GEC, its servants, employees, agents, attorneys, and representatives, to remove Proposal B from the November 7, 2006 general election ballot or to refrain from counting or certifying the votes cast on Proposal B.

4. A peremptory writ of mandamus should issue requiring GEC, its servants, employees, agents, attorneys, and representatives, to correct the errors and omissions in the ballot.

5. In the alternative, a peremptory writ of mandamus should issue requiring GEC, its servants, employees, agents, attorneys, and representatives, to correct the errors and omissions in the ballot pamphlet.

2. In the alternative, that a temporary restraining order, preliminary injunction, and permanent injunction issue enjoining GEC, its servants, employees, agents, attorneys, and representatives from placing Proposal B on the November 7, 2006 general election ballot, or from counting or certifying the votes cast on Proposal B.

3. A declaratory judgment from the Court that GEC has violated Petitioners' rights to free speech and equal protection, the Guam election statutes and GEC's rules as provided herein, 48 U.S.C. § 1422a (a).

-12-

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

6.    For attorney fees and costs of suit; and

7.    For such further and other relief as may be proper.

Dated this 26th day of October, 2006.

ARRIOLA, COWAN & ARRIOLA
Counsel for Petitioners


JOAQUIN C. ARRIOLA, JR.

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

-13-

# VERIFICATION

GUAM, U.S.A., )
( ss:
CITY OF HAGÅTÑA. )

    LINA'LA SIN CASINO, by and through JOSE Q. CRUZ, being first duly sworn, deposes and says: That they are the Petitioners in the above-entitled matter; that he has read the foregoing **VERIFIED PETITION FOR WRIT OF MANDAMUS TO CORRECT BALLOT AND BALLOT PAMPHLET; ALTERNATIVE PETITION FOR WRIT OF MANDAMUS, TEMPORARY RESTRAINING ORDER, PRELIMINARY AND PERMANENT INJUNCTION**, and knows the contents thereof; and certifies that the same is true as therein stated, except as to those matters stated upon information or belief, and as to those matters, he believes them to be true.

**LINA'LA SIN CASINO**

By: _____
    **JOSE Q. CRUZ**
    **Duly-Authorized Representative**

    SUBSCRIBED AND SWORN to before me this 26th day of October, 2006, by **JOSE Q. CRUZ, member and duly-authorized representative of LINA'LA SIN CASINO.**

_____
**NOTARY PUBLIC**

> **CHRISTINE M. JACKSON**
> **NOTARY PUBLIC**
> In and for Guam U.S.A.
> My Commission Expires: June 10, 2007
> P. O. Box 22856 GMF Barrigada, Guam 96921

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

-14-

# VERIFICATION

GUAM, U.S.A.,        )
                           (     ss:
CITY OF HAGÅTÑA.    )

      **JOSEPH T. DUENAS**, being first duly sworn, deposes and says: That he is the Petitioner in the above-entitled matter; that he has read the foregoing **VERIFIED PETITION FOR WRIT OF MANDAMUS TO CORRECT BALLOT AND BALLOT PAMPHLET; ALTERNATIVE PETITION FOR WRIT OF MANDAMUS, TEMPORARY RESTRAINING ORDER, PRELIMINARY AND PERMANENT INJUNCTION**, and knows the contents thereof; and certifies that the same is true as therein stated, except as to those matters stated upon information or belief, and as to those matters, he believes them to be true.

                                                       **JOSEPH T. DUENAS**

      SUBSCRIBED AND SWORN to before me this 26th day of October, 2006, by **JOSEPH T. DUENAS**.

                                        NOTARY PUBLIC

> **CHRISTINE M. JACKSON**
> **NOTARY PUBLIC**
> In and for Guam U.S.A.
> My Commission Expires: June 10, 2007
> P. O. Box 22856 GMF Barrigada, Guam 96921

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

-15-