

**FILED**
DISTRICT COURT OF GUAM
OCT 3 1 2006
MARY L.M. MORAN
CLERK OF **COURT**

DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| LINA'LA SIN CASINO and JOSEPH DUENAS,<br><br>Petitioners,<br><br>vs.<br><br>GUAM ELECTION COMMISSION,<br><br>Respondent. | Civil Case No. 06-00035<br><br><br><br><br><br>**ORDER** |

This case is before the Court on the Respondent's Notice of Removal and Motion for Order Issuing Writ of Certiorari. The underlying action was first filed in the Superior Court of Guam on October 26, 2006. Thereafter, the Respondent removed this action to federal court on October 30, 2006, contending that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1441(b).

In removal actions, the Court is guided by two basic principles. First, the respondent seeking removal has the burden of establishing that the federal court has jurisdiction. *Westinghouse Elec. Corp. v. Newman & Holtzinger, P.C.,* 992 F.2d 932, 934 (9th Cir. 1993). Second, removal statutes are to be strictly construed against removal jurisdiction with all doubts resolved in favor of remand. *Gauss v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992). These principles reaffirm the fundamental idea that federal courts are courts of limited jurisdiction and possess "only that power authorized by the Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377 (1994).

A civil action brought in state court may be removed to a federal court if the petitioner originally could have filed the petition in federal court. 28 U.S.C. § 1441. District courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. An action "arises under" federal law only if "resolution of the federal question [plays] a significant role in the proceedings." Hunter v. United Van Lines, 746 F.2d 635, 639 (9th Cir. 1984), cert. denied, 474 U.S. 863, reh g denied, 474 U.S. 1014 (1985).

When deciding whether a case warrants removal because a federal question is involved, a federal court must initially determine if the well-pleaded complaint raises issues of federal law. Metropolitan Life Insurance Co. v. Taylor, 481 U.S. 58, 63 (1987). The well-pleaded complaint rule makes the plaintiff the "master" of his complaint; he has the right to decide upon what law, state or federal, he will rely. Caterpillar, Inc. v. Williams, 482 U.S. 386, 391 (1987); Fair v. Kohler Die & Specialty Co., 228 U.S. 22, 25 (1913).

Upon review of the petition, this Court notes that of the counts pled, only two of the five potentially present this Court with federal question jurisdiction.[1] The first cause of action alleges violations of the Petitioners' rights under the First and Fourteenth Amendments of the U.S. Constitution. The fifth cause of action alleges a violation of the Organic Act as codified in 48 U.S.C. § 1422a(a). Upon closer scrutiny, however, this cause of action raises a claim arising under local law. Section 1422a(a) specifically provides "[t]he people of Guam shall have the right of initiative and referendum, to be exercised under **conditions and procedures specified in the laws of Guam."** (Emphasis added). This language makes clear Congress' intent to defer to Guam law on this issue. It is this determination along with the other causes of action[2] that arise under Guam law, that are central to the Petitioners' claims.

///

///

---

[1] Although the verified petition sets forth seven causes of action, the Court finds that the sixth and seventh causes of action are more properly characterized as remedies.

[2] The second, third and fourth causes of action also arise under Guam law.

The Court finds the gravamen of the Petitioners' claims arise under Guam law and the "resolution of the federal question [does not play] a significant role in the proceedings," Hunter, 746 F.2d at 639. Accordingly, the Court hereby **REMANDS** this matter to the Superior Court of Guam and **DENIES** the Motion for Order Issuing Writ of Certiorari.[3]

**SO ORDERED** this 31st day of October, 2006.

FRANCES M. TYDINGCO-GATEWOOD
United States District Judge

---

[3]Pursuant to 28 U.S.C. § 1447(c) the district court in its discretion may remand to state court all matters in which state law predominates. Although a motion to remand has not been filed, the Court sua sponte can raise a jurisdictional defect at any time, leading to the dismissal or remand of the action to state court. ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.") See also *Barnett* v. Bailey, 956 F.2d 1036, 1039 (11th Cir.1992).