RICHARD A. PIPES, ESQ.
LAW OFFICES OF RICHARD A. PIPES
Orlean Pacific Plaza, Suite 201
865 South Marine Corps Drive
Tamuning, Guam 96913
Telephone No.: (671) 646-1222
Facsimile No.: (671) 646-2203

HOWARD TRAPP, ESQ.
HOWARD TRAPP, INC.
200 Saylor Building
139 Chalan Santo Papa
Hagatna, Guam 96910
Telephone No.: (671) 477-7000
Facsimile No.: (671) 477-2040

Attorneys for Interveners

**FILED**
DISTRICT COURT OF GUAM
OCT 3 1 2006
MARY L.M. MORAN
CLERK OF COURT

## IN THE DISTRICT COURT OF GUAM
## TERRITORY OF GUAM

| | |
|---|---|
| LINA'LA SIN CASINO and JOSEPH DUENAS,<br><br>    Petitioners,<br><br>vs.<br><br>GUAM ELECTION COMMISSION,<br><br>    Respondent. | CIVIL CASE NO. 06-00035<br><br>MOTION TO INTERVENE |

### MOTION AND POINTS AND AUTHORITIES
### IN SUPPORT OF MOTION TO INTERVENE

Movants, Committee to Revitalize Tourism (the "Committee"), Jodie Vida ("Vida"), John Paul Calvo ("Calvo"), Janet Gerber Calvo ("Gerber Calvo"), Debralynne Quinata ("Quinata"), and Carlo J.N. Branch ("Branch") (collectively "Interveners"), by and through their Attorneys, Richard A. Pipes and Howard Trapp, hereby move to intervene, pursuant to Rule



Lina'la Sin Casino, et al. v. Guam Election Commission
Civil Case No. 06-00035
Motion to Intervene
Page 2 of 5 pages

24 of the Federal Rules of Civil Procedure, and respectfully show as follows:

## PRELIMINARY STATEMENT

Petitioners seek so-called emergency expedited injunctive relief to prevent Guam's voters, including Interveners, from exercising their constitutional right to vote on Proposal B, an initiative contained on the November 2006 General Election Ballot. Specifically, Petitioners seek either to remove Proposal B from the Ballot, or, alternatively, to immediately enjoin Respondent Guam Election Commission from certifying the vote, regardless of whether – after reasonable notice and opportunity to be heard – Petitioners' claims are ultimately found to be without merit. Accordingly, as set forth below, Interveners seek to intervene to protect their right to vote on Proposal B, to continue to petition for the adoption of Proposal B, and (in the case of the Committee) to protect its large financial investment in informing voters about the merits of Proposal B so they can be knowledgeable voters on November 7, 2006.

## LEGAL STANDARD

Rule 24 of the Federal Rules of Civil Procedure for states, in part:

> (a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action . . . (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest [or] (b)(2) when an applicant's claim or defense and the main action have a question of law or fact in common.

> Rule 24(c) requires an intervener to serve a motion stating "the grounds therefor . . . accompanied by a pleading setting forth the claim or defense for which intervention is sought."

Lina'la Sin Casino, et al. v. Guam Election Commission
Civil Case No. 06-00035
Motion to Intervene
Page 3 of 5 pages

Attached to this Motion as Exhibit 1 is a copy of Petitioners' Verified Petition for Writ of Mandamus, Temporary Restraining Order, Preliminary and Permanent Injunction; Alternative Writ of Mandamus ("Petition"). The Interveners listed below hereby move to intervene with regard to each Cause of Action contained in the Petitioners' Petition, Exhibit 1.

## ARGUMENT

As detailed below, the Interveners have interests in the aforementioned action, are so situated that the disposition of Petitioners' action would as a practical matter impair or impede Interveners' ability to protect those interests, and Interveners' claims and defenses have questions of both law and fact in common with Petitioners' action. Interveners, therefore, have demonstrated that both Intervention of Right and Permissive Intervention are appropriate.

Each of the Interveners has a considerable amount at stake here. The Committee has invested considerable amounts of money in promoting Proposal B that would be lost if voters cannot vote in this election on Proposal B. Jodie Vida, a registered voter, is the proponent of Proposal B. Sponsors of a ballot initiative have sufficient interest in the subject matter of the underlying litigation to intervene as a matter of right pursuant to Rule 24(a). *See Yniguez v. Arizona*, 939 F.2d 727, 735 (9th Cir. 1991), vacated for mootness in *Arizonans for Official English v. Arizona*, 520 U.S. 43 (1997) ("There appears to be a virtual per se rule that the sponsors of a ballot initiative have a sufficient interest in the subject matter of the litigation to intervene pursuant to FED. R. CIV. P. 24(a)"). Indeed, the Superior Court of Guam recently permitted the sponsor of Proposal A, Coalition 21, to intervene in the litigation regarding that initiative.

Lina'la Sin Casino, et al. v. Guam Election Commission
Civil Case No. 06-00035
Motion to Intervene
Page 4 of 5 pages

John Paul Calvo, Janet Gerber Calvo, Debralynne Quinata and Carlo J.N. Branch are registered voters who support Proposal B and (at least Branch) has already voted for Proposal B in early voting. Registered and qualified voters have standing to intervene pursuant to statute, as they are "qualified electors" pursuant to Title 3 GCA § 16501 (2005). *See, e.g., Benavente v. Taitano*, 2006 Guam 15, p. 8. Also, voters' requests for permissive intervention should be granted where the government may not adequately represent their interests. *Dillard v. Baldwin County Comm'rs*, 225 F.3d 1271, 1379-80 (11th Cir. 2000) (noting other courts that have taken the same position, including *League of United Latin American Citizens Counsel No. 4434 v. Clements*, 999 F.2d 831, 845 (5th Cir. 1993) and *United Jewish Organizations of Willowsburgh, Inc. V. Wilson*, 510 F.2d 512, 520-21 (2d Cir. 1975)). The GEC's interests may or may not align with those of supporters of Proposal B, who very much want Proposal B to be voted upon in *this* upcoming election. Obviously, GEC has issues besides just this election and this initiative to consider.

In sum:

a. The Interveners claim an interest relating to their rights to petition and to vote, both of which are affected by the subject of the action herein.

b. The Interveners are so situated that the disposition of the action may as a practical matter impair or impede the Interveners' ability to protect their interests.

c. The Interveners interests relating to the integrity of the initiative and voting process which is the subject of the action herein is not adequately represented by existing parties.

Lina'la Sin Casino, et al. v. Guam Election Commission
Civil Case No. 06-00035
Motion to Intervene
Page 5 of 5 pages

d. Interveners' defense and the main action herein have a question of law or fact in common.

## CONCLUSION

Interveners therefore respectfully request that their motion to intervene be granted and that this Court permit them to participate in all aspects of this proceeding.

### Rule 12-I (a) Certification

The Guam Election Commission ("GEC") has consented to this Motion to Intervene.

Dated this 31st day of October, 2006.

Respectfully submitted,

LAW OFFICES OF RICHARD A. PIPES

_____
RICHARD A. PIPES

Counsel for Interveners